JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michelle Wei
22 Eldridge Drive
East Brunswick, NJ 08816

**(b)** County of Residence of First Listed Plaintiff   Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Esq., Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS
The Home Depot, Inc.
401 S. Main Street
Milltown, NJ 08850

County of Residence of First Listed Defendant   Middlesex
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine / Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / Liability | | | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal / ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | Injury / Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - / ☐ 385 Property Damage | Leave Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | Medical Malpractice / Product Liability | | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| | / Conditions of | | | |
| | / Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C.A. § 2000e-2(a)
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  2/27/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHELLE WEI | : | |
| 22 Eldridge Drive | : | |
| East Brunswick, NJ 08816 | : | |
| | : | JURY OF TWELVE DEMANDED |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | No. |
| | : | |
| THE HOME DEPOT, INC. | : | |
| 401 S. Main Street | : | |
| Milltown, NJ 08850 | : | |
| | : | |
| AND | : | |
| | : | |
| THE HOME DEPOT, INC. | : | |
| 5325 Nottingham Drive | : | |
| Suite 120 | : | |
| Nottingham, MD 21236 | : | |
| | : | |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, MICHELLE WEI (hereinafter "Plaintiff"), is an adult individual residing at the above address.

2.      Defendant, THE HOME DEPOT, INC. (hereinafter "Defendant"), is a business corporation organized by and operating under the laws of the state of New Jersey and having a principal place of business at the above captioned Milltown, New Jersey address.

3.      Defendant, THE HOME DEPOT, INC. (hereinafter "Defendant"), is a business corporation organized by and operating under the laws of the state of Maryland and having a corporate headquarters and principal place of business at the above captioned addresses. Defendant, THE HOME DEPOT, INC., has availed itself of the laws of the State of New Jersey.

4.      At all times material hereto, Defendant is an owner, operator, proprietor and manager of a Home Depot business located at 401 South Main Street, Milltown, New Jersey.

5.      Defendants qualify as Plaintiff's employer pursuant to the United States Fair Labor Standards Act, Title VII of the Civil Rights Act  and as defined under New Jersey Law.

6.      This action is instituted pursuant to the Age Discrimination in Employment Act, Title VII, Americans with Disabilities Act, the New Jersey Law Against Discrimination, and New Jersey common law.

7.      Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act.  (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission)

8.      This action is instituted pursuant to New Jersey common law and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12, and title VII of the Civil Rights Act and applicable federal and state law.

9.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

10.     Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

11.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the District of New Jersey at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

12.     In or around June of 2002, Plaintiff, currently a sixty (60) year old woman, was hired as a sales associate for a Home Depot store located in Milltown, New Jersey.

13.     Shortly after her return to work following a hip surgery, Plaintiff was moved to the paint department, one of Defendant's more physically demanding positions due to the lifting and climbing required, however Plaintiff persevered and was able to perform her job.

14.     Beginning in or around early 2015, a young male employee of Defendant known to Plaintiff as "Samir" was moved to her department.

15.     As Plaintiff had now been working in the paint department for a few years, she trained Samir.

16.     Samir became belligerent towards Plaintiff's training efforts and would claim that he "didn't need to do that" when Plaintiff attempted to train him.

17.     During one such exchange, Samir became so irate he offered to "duke it out" with Ms. Wei outside.

18.     Plaintiff also witnessed several instances of Samir displaying a hostile attitude toward female customers in the store, telling them the items they were looking for "didn't exist" when they did, or calling their planned projects "stupid."

19.     Plaintiff made a complaint to her assigned department supervisor Edgar McGee, detailing Samir's hostile treatment toward women, including herself and female customers.

20.     Defendant's store manager James Craig learned of Plaintiff's complaint and opted to continue Samir's employment.

21.     As a result, Samir was ordered not to have any further contact with Plaintiff.

22.     Samir disregarded this order and would walk over to where Plaintiff was working, and would physically place himself in front of equipment that Plaintiff needed.

23.     On or about July 26, 2016, Plaintiff came in for her scheduled shift, but was unable to clock in immediately because she was helping a customer.

24.     Plaintiff subsequently filled out a time sheet correction form, estimating her arrival time as 6:05am.

25.     On or about August 10, 2016, Plaintiff was contacted by Loyce Riggans, Defendant's Human Resources representative, who indicated Plaintiff was being terminated for "falsifying time sheets."

26.     Ms. Riggans indicated that on the date in question, the security camera at the front entrance showed Plaintiff's actual arrival time at 6:07am.

27.     Upon information and belief, a younger employee who had only worked with Defendant a year also had an incorrect time sheet but had only received a written warning.

28.     Additionally, Defendant's attendance policy indicated that eight (8) accrued latenesses within a six (6) month period would be grounds for a warning only.

29.     At the time of her termination, Plaintiff had only accrued approximately five (5) latenesses and had not been warned nor written up for lateness in several years.

30.     At all times material hereto, Defendant was hostile to Plaintiff's age and her complaint of sex discrimination.

31.     As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well personal injury, emotional distress, humiliation, pain and suffering and other damages as set forth below.

### III. Causes of Action.

## COUNT I – EMPLOYMENT DISCRIMINATION - RETALIATION
## (42 U.S.C.A. § 2000e-2(a))

32.     Plaintiff incorporates paragraphs 1-31 as if fully set forth at length herein.

33.     At set forth above, by making complaints of sex discrimination, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

34.     Defendants took adverse action against Plaintiff by terminating her employment.

35.     As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

36.     Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to terminate her employment.

37.     As such, Defendants' decision to terminate Plaintiff's employment is an unlawful employment practice, under 42 U.S.C. § 2000e-2(a).

38.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

39.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

40.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorney fees and court costs.

### COUNT II—AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C.A. §621, et seq.

41.    Plaintiff incorporates paragraphs 1-40 as if fully set forth at length herein.

42.    Plaintiff is over sixty (60) years of age.

43.    Defendant terminated Plaintiff's employment.

44.    At all times, Plaintiff was qualified to perform the work for which she was hired by Defendants.

45.    Upon information and belief, subsequent to her termination Plaintiff's job duties were divided up amongst other younger employees.

46.    As set forth above, Plaintiff was treated less favorable than other younger employees.

47.    As such, Defendant has violated the Age Discrimination in Employment Act, 29 U.S.C.A. §621, et seq.

48.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

49.    As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

50.    Plaintiff demands attorney fees and court costs.

## COUNT III –
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)

52.     Plaintiff incorporates paragraphs 1-51 as if fully set forth at length herein.

53.     Defendants employed fifteen (15) or more employees in 2015.

54.     Plaintiff was subjected to harassment by a younger male employee due to her age/gender while being employed by Defendants.

55.     The aforementioned actions and conduct were severe, pervasive and continuous and created a hostile work environment for Plaintiff to work within.

56.     Defendants' conduct, as set forth above, violated Title VII of the Civil Rights Act of 1964.

57.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of their earning power and capacity and a claim is made therefore.

### COUNT IV – NEW JERSEY LAW AGAINST DISCRIMINATION

58.     Plaintiff incorporates paragraphs 1-57 as if fully set forth at length herein.

59.     At all times material hereto, and pursuant to the New Jersey Law Against Discrimination, N.J.S.A 10:5-12, an employer may not discriminate against an employee based on age or disability or complications arising therefrom.

60.     Plaintiff is a qualified employee and person within the definition of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

61.   Defendants are "employers" and thereby subject to the strictures of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

62.   Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her age and in retaliation for making a complaint of a hostile work environment and constitutes a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

63.   As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

64.   As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

65.   Pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12, et seq, Plaintiff demands attorneys fees and court costs.

**WHEREFORE**, Plaintiff, Michelle Wei, demands judgment in their favor and against Defendants jointly and severally in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering and personal injury damages;

B.   Punitive damages;

C.   Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**


BY:  _s/ Graham F. Baird_
    **GRAHAM F. BAIRD, ESQUIRE**
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19110

    Attorney for Plaintiff, Michelle Wei

Date: _02/27/2018_

# EXH. A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Michelle Wei<br>22 Eldridge Drive<br>East Brunswick, NJ 08816 | From: | Newark Area Office<br>283-299 Market Street<br>Two Gateway Center, Suite 1703<br>Newark, NJ 07102 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 524-2017-00071 | Rayba Watson,<br>Enforcement Supervisor | (973) 645-6021 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

BW

_____          11/29/17
John Waldinger,                                    (Date Mailed)
Area Office Director

Enclosures(s)

cc:
| Barbara Pennington<br>Sr. Director Employee Relations<br>HOME DEPOT<br>2455 Paces Ferry Road, C-21<br>Atlanta, GA 30339 | Graham F. Baird<br>LAW OFFICES OF ERIC A. SHORE<br>2 Penn Center, Ste. 1240<br>1500 John F. Kennedy Blvd./P.O. Box 58519<br>Philadelphia, PA 19102 |
|---|---|